# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MENACHEM COHEN,<br><br>            Plaintiff,<br><br>vs.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., and TRANS UNION, LLC,<br><br>            Defendants. | Civil Case No.<br><br>COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT<br><br>JURY TRIAL DEMANDED |

Plaintiff Menachem Cohen ("Plaintiff") brings this action against defendants Experian Information Solutions, Inc. ("Experian"), and Trans Union, LLC ("TransUnion") (collectively, "Defendants"), and alleges, based upon Plaintiff's personal knowledge, the investigation of counsel, and information and belief, as follows:

## INTRODUCTION

1. One of the most well-known, grievous, and prevalent inaccuracies that occur in the consumer reporting industry is known as a "mixed file."

2. A mixed file is a consumer report wherein some or all of the information pertains to an individual other than the subject of the report.

3. One of the main causes of mixed files is the failure of a consumer reporting agency (a "CRA") to use full identifying information to match records to the personal identifiers of a consumer who is the subject of its reporting.

## PARTIES

4. Plaintiff is a natural person who resides in Brooklyn, NY, and qualifies as a "consumer" as defined and protected by the Fair Credit Reporting Act ("FCRA").

5. Defendant Experian is a foreign corporation that regularly conducts business in this District. Experian qualifies as a "consumer reporting agency" or a "CRA" under the FCRA. 15 U.S.C. §1681(f). Experian can be served at its principle place of business, located at 475 Anton Blvd, Costa Mesa, CA 92626.

6. Defendant TransUnion is an Illinois corporation that regularly conducts business in this district. TransUnion also qualifies as a "consumer reporting agency" under the FCRA. 15 U.S.C. §1681(f). TransUnion can be served at its registered agent, Prentice Hall Corporation, at 801 Adlai Stevenson Drive, Springfield, IL 62703.

## JURISDICTION AND VENUE

7. This Court has federal question jurisdiction under the FCRA, 15 U.S.C. §1681p, and 28 U.S.C. § 1331.

8. Venue is proper in this judicial district under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

9. Defendants purposefully avail themselves of the protections of New York law by regularly transacting business within the state and directing business at the state. Therefore, personal jurisdiction is established.

## STATEMENT OF FACTS

10. This is an action to recover damages for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681e(b) and 1681g of the FCRA.

11. Defendant Experian has been selling consumer background reports (commonly called "credit reports") about Plaintiff containing the credit and personal information belonging to a completely different person.

12. Defendant TransUnion has similarly been selling consumer background reports, or credit reports, about Plaintiff containing the credit and personal information belonging to a completely different person.

13. The mixed file in this case was not a fluke. Rather, it was caused by Defendants' failure to devise, implement, and follow reasonable procedures to ensure the maximum possible accuracy of the information contained on Plaintiff's credit report.

14. Defendant TransUnion has also sold a credit report about Plaintiff which was the basis of a credit denial wherein the creditor was unable to verify Plaintiff's identity.

15. TransUnion failed to respond to Plaintiff's inquiries regarding its inability to verify his identity or supply Plaintiff with the reason for that failure. TransUnion also failed to supply Plaintiff with the report that served as the basis for this credit denial in violation of the FCRA.

16. Similarly, Experian sold at least one consumer report that contained the credit information that belonged to another person. This information led to a denial of his application for credit.

17. Defendants' standard practice is to use only partial matching information, and not full identifying information in preparing consumer reports. For instance, Experian does not require a match to full identifying information (such as full last name and first name; middle initial; full street address; zip code; year of birth; any generational designation; and social security number) before preparing a report that it attributes to a particular consumer and sells about that consumer. These mismatches are obvious from the face of the reports.

18. Moreover, Defendants employ policies and procedures that do not requires the use of complete number of identifiers, or even a precise first and last name, which contributes to the mixed file phenomenon.

19. Defendants employ these loose matching procedures in order to maximize the number of reports which contain information, accurate or not. Defendants intentionally employ procedures that maximize the likelihood of a match between any inquiry and some data in its database about one or more consumers, purposefully prioritizing quantity of matches over accuracy of matches.

20. Defendants' reporting of inaccurate information is not accidental, nor a result of simple negligence, but a result of deliberately designed policies and procedures.

*Plaintiff is Denied Credit Due to the Mixed File by Experian*

21. Plaintiff is an American citizen who lived in Israel until 2019, when he returned to America to pursue his studies.

22. Plaintiff's name is a common Jewish name and is widely used amongst Jewish people.

23. When he arrived in America, Plaintiff opened a checking account with Bank of America.

24. On or about February 02, 2021, Plaintiff tried to obtain credit from non-defendant American Express ("Amex") and was denied.

25. Plaintiff then obtained a copy of his Experian credit and discovered a Bank of America account that was opened in October 2020 that did not belong to him.

26. On March 9, 2021, Plaintiff called Bank of America to learn more information about the account that appeared on his Experian report.

27. Plaintiff spoke with a representative of Bank of America's fraud department. The representative confirmed that the only accounts associated with Plaintiff was the checking account opened in 2019.

28. On March 11, 2021, Plaintiff sent a dispute letter to Experian by certified mail explaining that another person's information was erroneously included on his credit report and asking Experian to delete the inaccurate information.

29. As of June 24, 2021, Experian is still reporting the inaccurate Bank of America account, personal information, and Plaintiff's credit report remains uncorrected.

*Plaintiff is Denied Credit Due to TransUnion's Inability to Verify His Identity*

30. On February 14, 2021, Plaintiff applied for a credit card with non-defendant Wells Fargo and was denied. That denial stated that Wells Fargo was unable to authenticate his identity based on a credit report obtained from defendant TransUnion.

31. On March 11, 2021, Plaintiff sent a letter to TransUnion by certified mail asking TransUnion to explain why it could not verify his identity in the credit report supplied to Wells Fargo, which was the basis of his recent Wells Fargo credit denial. Plaintiff also asked TransUnion to supply him with his complete credit report.

32. TransUnion failed to reply to Plaintiff's dispute or supply him with a copy if his credit report. As of the date of the filing of this complaint, TransUnion has still not supplied Plaintiff with a copy of his credit report and an explanation as to why his identity could not be verified in the report it sold Wells Fargo.

33. Plaintiff spent nearly twelve (12) hours contacting his bank to figure out why the Bank of America account was reporting and then trying to learn how to dispute and ultimately dispute with the CRAs.

34. Plaintiff has been forced to deal with the aggravation and humiliation of not being able to obtain a credit which has caused him sleepless nights. Accordingly, Plaintiff is entitled to damages.

## FIRST CAUSE OF ACTION

### Against Defendants for Violations of 15 U.S.C. §1681e(b) and §1681i

35. Plaintiff repeats and realleges the above allegations as if set forth in full herein.

36. Under 15 U.S.C. §1681e(b) of the FCRA, Defendants are liable to Plaintiff for negligently and willfully failing to follow reasonable procedures to ensure the maximum possible accuracy of the information concerning the individual about whom a consumer report relates, in violation of 15 U.S.C. §1681e(b). Specifically, Defendants failed to follow reasonable procedures to assure maximum possible accuracy by using faulty matching criteria which permitted consumer credit information which do not pertain to Plaintiff to nonetheless appear on the Plaintiff's credit report.

37. Under 15 U.S.C. §1681i of the FCRA, Defendants are liable to Plaintiff for negligently and willfully failing to conduct a reasonable reinvestigation to determine whether disputed information is inaccurate.

38. Plaintiff is thus entitled to actual damages, statutory damages, punitive damages, attorney's fees, and costs.

## SECOND CAUSE OF ACTION

### Against TransUnion for Violations of 15 U.S.C. §1681g

39. Plaintiff repeats and realleges the above allegations, specifically paragraphs 23-24, as if set forth in full herein.

40. 15 U.S.C. §1681g obligates credit reporting agencies to supply consumers with all the information on their file at the time they make that request, including the source of that information.

41. TransUnion is liable to Plaintiff under §1681g for failing to provide Plaintiff with his credit report and all of the information that that was the basis of TransUnion's inability to verify his identity in response to Wells Fargo's inquiry.

42. Plaintiff is thus entitled to actual damages, statutory damages, punitive damages, attorney's fees, and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands a judgment:

1. Awarding Plaintiff actual monetary damages for a negligent violation under §1681o;

2. Awarding Plaintiff statutory damages for a willful violation under §1681n;

3. Awarding Plaintiff punitive damages under §1681n(a)(2);

4. Awarding attorneys' fees, costs under §1681n & o; and

5. Awarding post-judgment interest and such other relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: June 28, 2021

Respectfully submitted,

**COHEN & MIZRAHI LLP**

*/s/ Shlomit Buchinsky*
Shlomit Buchinsky
300 Cadman Plaza West, 12th Floor
Brooklyn, New York 11201
Telephone: (929) 575-4175
Fax: (929) 575-4195
sbuchinsky@cmlattorneys.com

*Attorneys for Plaintiff*